**Marilu Baltazar ALCANTAR, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 03–73870.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 2, 2005.\*\*

Decided Feb. 22, 2005.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Federal Rules Appellate Procedure 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Sarah J.M. Jones, Law Offices of Sarah J.M. Jones, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., and Genevieve Holm, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, FARRIS, and T.G. NELSON, Circuit Judges.

## MEMORANDUM ***

Marilu Baltazar Alcantar ("Baltazar") petitions for review of a final order of the Board of Immigration Appeals (BIA) denying her request for suspension of deportation. We deny the petition for review.

Baltazar, a native and citizen of Mexico, seeks to establish her eligibility for suspension of deportation based on seven years of continuous residency in the United States, good moral character, and hardship to herself or a qualifying relative. She is entitled to pursue this relief because deportation proceedings were commenced against her prior to the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IRRIRA). *See Baltazar–Alcazar v. INS*, 386 F.3d 940, 944–45 n. 1 (9th Cir.2004). She is subject, however, to IRRIRA's transitional rules, including one that "changed the end-date ... for measuring the time an applicant was physically present in the United States." *See Alcaraz v. INS*, 384 F.3d 1150, 1153 (9th Cir.2004). Applying that rule, Baltazar was required to demonstrate that she entered the United States on or prior to March 25, 1990.

The IJ determined that Baltazar's claim that she entered the United States on March 22, 1990 is not credible. Specifically, the IJ first noted Baltazar could not remember the names or ages of children she claimed to have cared for during her first three years in the United States. Second, the IJ noted that Baltazar claimed she had an eight-month old daughter when she entered the United States but later reported on federal tax returns that she was born in 1993. Third, the IJ cited Baltazar's husband's testimony indicating that he met Baltazar for the first time in 1994 in contrast to her testimony that she meet him within days of entering the United States. Finally, the IJ noted Baltazar failed to supply any documents dated prior to 1993.

We agree with Baltazar that her failure to provide documentary evidence, standing alone, is not a sufficient ground to deny relief. *See Lopez–Alvarado v. Ashcroft*, 381 F.3d 847, 854 (9th Cir.2004); *Vera–Villegas v. INS*, 330 F.3d 1222, 1234 (9th Cir.2003). Nonetheless, the IJ and BIA also relied upon inconsistencies and contradictions to conclude that Baltazar was not credible. We have reviewed the record and conclude this is not a case where

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

"the evidence presented compels a reasonable factfinder to reach a contrary result." *Vera–Villegas,* 330 F.3d at 1230 (internal quotation omitted). Substantial evidence supports the BIA's determination that Baltazar has not established the requisite seven years residency that would make her eligible for suspension of deportation.

**PETITION FOR REVIEW DENIED.**

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the